IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PHARMERICA CORPORATION,    )
                            )
            Plaintiff,      )
                            )
      v.                    )        2:16cv1481
                            )        **Electronic Filing**
LENA STURGEON, ELLIOT       )
GOTTLIEB, ADAM SHIMODA, and )
CONTINUARX LLC,             )
                            )
            Defendants.     )

MEMORANDUM OPINION

April 4, 2017

## I.    INTRODUCTION

Plaintiff, PharMerica Corporation ("PharMerica") initiated this action by Complaint alleging various claims against Defendants, Elliot Gottlieb ("Gottlieb"), and Adam Shimoda ("Shimoda") (collectively "Defendants"), arising out of their employment with PharMerica. Gottlieb and Shimoda have moved to dismiss PharMerica's Complaint based upon: (1) lack of personal jurisdiction; (2) failure to state a claim upon which relief may be granted; and (3) failure of service of process. PharMerica has responded and the motion is now before the Court.

## II.   STATEMENT OF THE CASE

PharMerica is a Delaware corporation headquartered in Louisville, Kentucky, and it provides institutional and hospital pharmacy services throughout the United States.  Cmplnt. ¶ 1. Shimoda is a resident of Maryland and resides at 1491 Dockside Court, Frederick, Maryland 21701, and is a former employee of PharMerica and Millennium Pharmacy Services, Inc. ("Millennium"). Cmplnt. ¶ 3.  Gottlieb ("Gottlieb") is a resident of Maryland and resides at 11309 Hollowstone Drive, North Bethesda, Maryland 20852, and is a former employee of

PharMerica and Millennium. Cmplnt. ¶ 4.  ContinuaRx LLC ("ContinuaRx") is a start-up long-term care pharmacy organized in Delaware, with its principal place of business located at 7085 Samuel Morse Drive, Columbia, Maryland 21046. Cmplnt. ¶ 4.

Gottlieb was hired by Millennium as a Regional Manager Consulting Pharmacist on December 10, 2010.  As part of his employment, and/or continuation of employment with additional compensation and/or benefits, with Millennium, Gottlieb executed certain employment agreements including: (1) Confidentiality, Copyright and other Intellectual Property Assignment, and Restrictive Covenant Agreement dated April 1, 2013; and (2) Protection of Interest and Non-Disclosure Agreement, dated June 5, 2013. Court's Findings of Fact and Conclusions of Law, December 7, 2016, ("Findings & Conclusions") ¶ 5.

Shimoda was hired by Millennium as a Pharmacy Technician on April 20, 2011. On August 19, 2014, Shimoda was promoted to an Assistant General Manager, responsible for day-to-day operations and workflow of Millennium's Columbia, Maryland pharmacy, management and supervision of other pharmacists and pharmacy technicians, customer service, and reviewing and ensuring compliance with the standard operating procedures.  Findings & Conclusions ¶ 7. Shimoda never signed an employment agreement with Millennium. Findings & Conclusions ¶ 8.

Millennium, a former competitor of PharMerica, was acquired by PharMerica on September 26, 2014, by Stock Purchase Agreement. Findings & Conclusions ¶ 2.  Following PharMerica's purchase of Millennium, Lena Sturgeon ("Sturgeon"), one of the founders of Millennium, continued to service Millennium customers as an employee of PharMerica. Findings & Conclusions ¶ 3.  Shimoda and Gottlieb also accepted employment with PharMerica and continued in the same roles they had previously held with Millennium prior to the acquisition. Findings & Conclusions ¶ 9.  As part of his employment, Gottlieb executed a Nondisclosure and

Non-Solicitation Agreement with PharMerica on December 11, 2014. Findings & Conclusions ¶ 10.  Shimoda also executed a Nondisclosure and Non-Solicitation Agreement as part of his employment with PharMerica on December 15, 2014. Findings & Conclusions ¶ 13.

Sturgeon ended her employment with PharMerica on May 15, 2015, and became Chief Operating Officer of ContinuaRx, a start-up long-term care pharmacy that will compete directly with PharMerica for customers throughout Pennsylvania, Maryland, Virginia, and Washington, D.C.  Findings & Conclusions ¶¶ 3, 17 & 18. Sturgeon contacted Gottlieb in or around June 2016 and asked him to join ContinuaRx as the head Consultant Pharmacist. Gottlieb accepted the position, resigned from PharMerica on August 4, 2016 and joined ContinuaRx on September 12, 2016. Findings & Conclusions ¶ 19.  When he began working for ContinuaRx, Gottlieb worked from his home in Maryland. P-I Hearing Transcript, ECF 46 ("ECF 46") p. 13.

Shimoda was solicited by Sturgeon in early July, 2016 to join ContinuaRx. Shimoda resigned from PharMerica on July 29, 2016 and joined ContinuaRx on August 1, 2016 as the Director of Pharmacy Operations.  Findings & Conclusions ¶ 25.  Shimoda will work from the pharmacy ContuaRx will build in Maryland. ECF 46, p. 15. Gottlieb's and Shimoda's roles at ContinuaRx are to be substantially similar to the roles they held at PharMerica and Millennium. Findings & Conclusions ¶¶ 19 & 26.

PharMerica alleges that Gottlieb and Shimoda "agreed, or will agree" to assist Sturgeon in forming ContinuaRX using former Millennium or PharMerica employees, soliciting former Millennium or PharMerica customers, and using confidential/trade secret information of Millennium or PharMerica. Cmplnt. ¶¶ 63 & 64.

3

**III.    LEGAL STANDARD FOR MOTION TO DISMISS**

    A.    Rule 12(b)(2)

Where a defendant challenges the exercise of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, "plaintiff bears the burden of proving the facts necessary to establish the minimum contacts the Constitution requires." *Grand Entm't Group, LTD. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993).   Moreover, the plaintiff must prove, by a preponderance of the evidence, that jurisdiction is proper. *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d. Cir. 1998). In deciding a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint are taken as true, *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996), and disputed facts are construed in favor of the plaintiff. *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). A plaintiff, however, may not rest solely on the pleadings to satisfy its burden. *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984). Instead, a plaintiff must sustain its burden of proof with sworn affidavits or other competent evidence that demonstrates with reasonable particularity a sufficient nexus between the defendant and forum state in order to support jurisdiction. *See Provident Nat'l Bank v. California Federal Sav. & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1987); *Stranahan Gear Co. v. NL Indus.*, 800 F.2d 53, 58 (3d Cir. 1986); *Orazi v. Hilton Hotels Corp.*, 2010 U.S. Dist. LEXIS 123472, at *4 (E.D. Pa. Nov. 22, 2010).

    B.    Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to

4

state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556  (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960, 173 L. Ed. 2d 868 (May 18, 2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  The Supreme Court explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, the pleadings must include factual allegations to support the legal claims asserted. *Ashcroft v. Iqbal*, 129 S. Ct. at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555). Further, although the focus in assessing a motion to dismiss is on the allegations set forth in the pleadings, "matters of public record, orders [and] exhibits attached to the complaint" also may be considered. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing 5A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1357).

The United States Court of Appeals for the Third Circuit expounded on this standard stating:

> After *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citations omitted). In light of *Iqbal*, the *Fowler* court then set forth a two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim. First, the district court must accept all well-pleaded facts as true and discard any legal conclusions contained in the complaint. *Fowler*

5

*v. UPMC Shadyside*, 578 F.3d at 210-211. Next, the court must consider whether the facts alleged in the Complaint sufficiently demonstrate that the plaintiff has a "plausible claim for relief." *Id.* at 211. To survive a motion to dismiss, a complaint must show an entitlement to relief through its facts. *Id.* (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008). Finally, in applying this plausibility standard, the reviewing court must make a context-specific inquiry, drawing on its judicial experience and common sense. *Id.*

IV.   **DISCUSSION**

A.   Jurisdiction

Under Rule 4(k) of the Federal Rules of Civil Procedure, a District Court typically exercises personal jurisdiction according to the law of the state where it sits. *See* Fed. R. Civ. P. 4(k)(1)(A"). Accordingly, we apply the Pennsylvania long-arm statute which provides for jurisdiction "based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States." 42 PA. CONS. STAT. ANN. § 5322(b); *see Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992). In determining whether personal jurisdiction exists, then, we must determine whether, under the Due Process Clause, the defendant has "certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation omitted).

Personal jurisdiction may be exercised under either a defendant's general or claim-specific contacts with the forum. *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). General jurisdiction is based upon the defendant's "continuous and systematic" contacts with the forum and exists regardless of whether a plaintiff's cause of action arises from the defendant's non-forum related activities. *See Vetrotex CertainTeed Corp. v. Consol. Fiber Glass Prod. Co.*, 75

F.3d 147, 151 n.3 (3d Cir. 1996).  If the claim pursued arises from non-forum related activities, the plaintiff must demonstrate that in other respects the defendant has maintained "continuous and substantial" forum affiliations. *International Shoe v. Washington*, 326 U.S. at 316; *Dollar Sav. Bank v. First Sec. Bank of Utah*, 746 F.2d 208, 212 (3d Cir. 1984); *Compagnie des Bauxites de Guinea v. Ins. Co. of North America*, 651 F.2d 877 (3rd Cir. 1981). Obviously this is a high threshold to meet, as the facts required to assert general jurisdiction must be "extensive and persuasive." *Compagnie des Bauxites de Guinea v. Ins. Co. of North America*, 651 F.2d  at 890 (Gibbons, J., dissenting).

Specific jurisdiction "is invoked when the cause of action arises from the defendant's forum related activities," and, in such a case, the focus is on the minimum contacts between the non-resident defendant and the forum. *Dollar Sav. Bank v. First Sec. Bank of Utah,* 746 F.2d at 211-212.  The inquiry as to whether specific jurisdiction exists has three parts. First, the defendant must have "purposefully directed his activities" at the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quotation marks omitted). Second, the litigation must "arise out of or relate to" at least one of those activities. *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 418 n.13 (U.S. 1984); *Grimes v. Vitalink Communications Corp.*, 17 F.3d 1553, 1559 (3d Cir. 1994).  Third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe*, 326 U.S. at 320 n2).

PharMerica argues that personal jurisdiction is proper because: (1) Gottlieb and Shimoda have caused harm to PharMerica in Pennsylvania by participating in the indirect solicitation and/or diversion of PharMerica's Pennsylvania customers: (2) Gottlieb and Shimoda are benefitting from, or will benefit from, the threatened disclosure of PharMerica's confidential and trade secret information to cause harm to PharMerica in Pennsylvania; and (3)  Shimoda and

Gottlieb executed multiple employment agreements governed by Pennsylvania law.  PharMerica,

therefore, argues that this Court has personal jurisdiction over  Gottlieb and Shimoda  based on

Pennsylvania's long-arm statute, which provides, *inter alia*, that "[a] tribunal of this

Commonwealth may exercise personal jurisdiction over a person . . . as to a cause of action or

other matter arising from such person:

> (1)(iv)  . . . engaging in any business or profession within this Commonwealth,
> whether or not such business requires license or approval by any government unit
> of this Commonwealth. . .
>
> (3)   Causing harm or tortious injury by an act or omission in this
> Commonwealth.
>
> (4)   Causing harm or tortious injury in this Commonwealth by an act or omission
> outside this Commonwealth."

*See* 42 PA. CONS. STAT. ANN. § 5322(a).

In support of its contentions, PharMerica directs this Court to the following: (1)

ContinuaRx is currently targeting PharMerica customers, some of which are located in

Pennsylvania, in an effort to divert that business to ContinuaRx; (2) Sturgeon refers to Gottlieb

and Shimoda and the positions they hold with ContinuaRx in her presentations to potential

customers; (3) ContinuaRx's Organizational Chart lists Gottlieb as the head Consultant

Pharmacist and Shimoda as the head Pharmacy Manager; (4) Sturgeon is a resident of

Pennsylvania who will be working from ContinuaRx's Pennsylvania location; and (5) Gottlieb

and Shimoda "will unavoidably" engage in business within Pennsylvania by assisting Sturgeon

with ContinuaRx's Pennsylvania operations.

As an initial matter, this Court has ruled that the employment agreements Gottlieb and

Shimoda signed with PharMerica (the "PharMerica Agreements") are the agreements controlling

in this instance.  The PharMerica Agreements have a choice of law provision that states: "This

Agreement shall be construed in accordance with the laws of the State of Kentucky . . ."  The

8

PharMerica Agreements, therefore, cannot be asserted as a basis for personal jurisdiction over either Gottlieb or Shimoda in this forum.

With regard to general jurisdiction, PharMerica has failed to demonstrate that either Gottlieb or Shimoda had "continuous and systematic" contacts with Pennsylvania. As set forth above, the facts required to assert general jurisdiction must be "extensive and persuasive." *Compagnie des Bauxites de Guinea v. Ins. Co. of North America*, 651 F.2d at 890. PharMerica has provided no evidence of the Defendants' "continuous and substantial" affiliations with this forum. To the contrary, PharMerica emphasizes Sturgeon's conduct in Pennsylvania, *i.e.* mentioning their names and positions, and/or passing out ContinuaRx's Organizational Charts, during presentations to potential customers. Such conduct does not rise to the level of a substantial contact with Pennsylvania made by Gottlieb or Shimoda. It is the Defendants' conduct that must form the necessary connection with the forum that forms the basis for jurisdiction. *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (U.S. 2014) (citing *Burger King Corp. v. Rudzewicz*, 471 U. S. 462, 478 (1985)). Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the "random, fortuitous, or attenuated" contacts he makes by interacting with other persons affiliated with the State. *Burger King Corp. v. Rudzewicz*, 471 U. S. at 475.

Nor is this Court able to find that it can exercise specific jurisdiction over the Defendants. This Court has found no evidence of record that either Gottlieb or Shimoda solicited customers in Pennsylvania for ContinuaRx or directly or indirectly diverted any Pennsylvania business from PharMerica. Further, PharMerica has directed this Court to no evidence that either Gottlieb or Shimoda has used PharMerica trade secrets or confidential information in business development in Pennsylvania or in its solicitation of potential customers in Pennsylvania

PharMerica must direct this Court to specific activity indicating that either Defendant expressly aimed his tortious conduct at this forum. *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 266 (3d Cir. 1998). Because the Court is unable to find that either Gottlieb or Shimoda "purposefully directed his activities" at this forum, or that the instant litigation arose out of or related to at least one of those activities, the Court cannot exercise specific personal jurisdiction over the Defendants.

Because the Court finds that it lacks personal jurisdiction in this matter, there is no reason to address Defendants' arguments under Rule 12(b)(6) or the arguments with regard to the service of process.

V.     **CONCLUSION**

Based on the foregoing, the motion to dismiss based upon the lack of personal jurisdiction filed on behalf of Defendants Elliot Gottlieb and Adam Shimoda shall be granted. An appropriate Order follows.

Cercone, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PHARMERICA CORPORATION**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:16cv1481 |
| | ) | **Electronic Filing** |
| **LENA STURGEON**, **ELLIOT** | ) | |
| **GOTTLIEB**, **ADAM SHIMODA**, and | ) | |
| **CONTINUARX LLC**, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER OF COURT

AND NOW, this 4th day of April, 2017, upon consideration of the Motion to Dismiss for Lack of Jurisdiction (**Document No. 27**) Defendants Elliot Gottlieb and Adam Shimoda, the response thereto, in accordance with the Memorandum Opinion filed herewith,

IT IS HEREBY ORDERED that the Motion to Dismiss **GRANTED**. PharMerica's complaint is dismissed as to Defendants Elliot Gottlieb and Adam Shimoda.

s/ DAVID STEWART CERCONE
David Stewart Cercone
United States District Judge

cc:    David J. Porter, Esquire
       Deborah S. Brenneman, Esquire
       George B. Musekamp, Esquire
       Tiffany A. Jenca, Esquire
       Manning J. O'Connor, II, Esquire
       Katherine J. McLay, Esquire
       Mark Stadler, Esquire
       Douglas Michael Grimsley, Esquire
       Steven W. Zoffer, Esquire
       John R. O'Keefe , Jr., Esquire
       Kenneth S. Kornacki, Esquire

(*Via CM/ECF Electronic Mail*)

11

12